UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re:<br><br>ARLYN MARK ABRAMS,<br><br>                   Debtor.<br><br>CHASE BANK USA, N.A.,<br><br>                   Plaintiff,<br><br>v.<br><br>ARLYN MARK ABRAMS,<br><br>                   Defendant. | Case No. 07-50294<br><br>CHAPTER 7<br><br><br><br>Adversary No. 08-<br><br><br><br>COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C.§523) |

COMES NOW Plaintiff, by and through its attorney of record, RICK A. MICKELSON, to allege and complain as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff is a foreign corporation licensed to do business in the State of South Dakota with all fees and licenses paid, and otherwise is entitled to bring this action.

2. Defendant filed a Chapter 7 bankruptcy petition on November 9, 2007.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C.§157, 28 U.S.C.§1334, and 11 U.S.C.§523; this proceeding is a core matter.

4. Plaintiff is a creditor in this bankruptcy proceeding.

### II. CAUSE OF ACTION

5. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

6. Defendant had a charge account with Chase Bank USA, N.A., Account No. XXXXXXXXXXX2930.

7. Defendant incurred charges and cash advances on this account totaling $5,485.34, including interest, as of November 9, 2007, the date the bankruptcy petition was filed.

8. Between July 5, 2007, and July 14, 2007, Defendant accumulated $874.00 in retail charges.

9. Between July 5, 2007, and July 14, 2007, Defendant incurred $4,000.00 in cash advance and/or convenience check charges.

10. Defendant's debt is a "consumer debt", as defined by 11 U.S.C§101(8).

11. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on the account, Defendant represented an intention to repay the amounts charged.

12. Plaintiff reasonably relied on the representations made by Defendant.

13. Defendant incurred the debts when Defendant had no ability or objective intent to repay them.

14. Defendant obtained credit extended from Plaintiff by false pretenses, false representations and/or actual fraud.

15. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $4,874.00.

16. Pursuant to 11 USC§523(a)(2)(A), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $4,874.00.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $4,874.00, plus accrued interest at the contractual rate from and after November 9, 2007, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC§523(a)(2)(A);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED February 19, 2008.


*s/ Rick A. Mickelson*
Rick A. Mickelson
Thesenvitz, Mickelson & Berreau, LLP
300 N. Dakota Ave. STE 603
Sioux Falls, SD 57104-6040
(605) 334-9448
rick@sfsdlaw.com
Attorney for Plaintiff